Jeremy J. Nork, Esq.
Nevada Bar No. 4017
Nicole E. Lovelock, Esq.
Nevada Bar No. 11187
Brian G. Anderson, Esq.
Nevada Bar No. 10500
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Tel: (702) 669-4600
Fax: (702) 669-4650
jnork@hollandhart.com
nelovelock@hollandhart.com
bganderson@hollandhart.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, a North Carolina banking corporation,<br><br>Plaintiff,<br><br>v.<br><br>PEBBLE CREEK PLAZA PAD, LLC, a Nevada limited liability company, YOEL INY; NOAM SCHWARTZ; YOEL INY, Trustee of the Y&T INY FAMILY TRUST dated June 8, 1994; NOAM SCHWARTZ, Trustee of the NOAM SCHWARTZ TRUST dated August 19, 1999; D.M.S.I., L.L.C., a Nevada limited liability company; and DOES 1 through 10, inclusive.<br><br>Defendants. | CASE NO. 2:12-cv-01736-LRH-CWH<br><br>**RESPONSE TO MOTION TO COMPEL** |

Plaintiff Branch Banking & Trust Co. ("BB&T" or "Plaintiff"), by and through its underlying counsel hereby submits its Response to Defendants' Motion to Compel Responses to Written Discovery ("Motion").

/ / /

/ / /

/ / /

/ / /

This Response is made and based upon the attached Memorandum of Points and Authorities, the pleadings and papers on file in this action, and any oral argument this Honorable Court allows at any hearing of this Motion.

DATED October 6, 2014.

*/s/ Brian G. Anderson*

_____
Jeremy J. Nork, Esq.
Nicole E. Lovelock, Esq.
Brian G. Anderson, Esq.
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

*Attorneys for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The controlling parties in this dispute are currently engaged in several similar cases currently pending before the Court. The issues addressed in Defendants' Motion are issues which have been repeatedly resolved in BB&T's favor before a number of different judges. Two days prior to filing the current Motion, the Honorable Judge Larry Hicks (the judge in the instant matter) issued orders in two factually similar cases which specifically addressed, and rejected, the entire substance of Defendants' Motion. *See BB&T v. Pebble Creek Plaza, LLC, et al.*, 2014 WL 4635744, No. 2:12-cv-01737-LRH-NJK, Dkt. 116 (D. Nev. Sept. 15, 2014) (the "Pebble Creek" case); *BB&T v. Sossaman & Guadalupe Plaza, LLC, et al.*, 2014 WL 4636388, No. 2:12-cv-01775-LRH-PAL, Dkt. 119 (D. Nev. Sept. 15, 2014) (the "Sossaman" case), copies of which are attached hereto as **Exhibits 1** and **2** respectively. Because the controlling Defendants and their counsel in this matter are identical to the controlling defendants and their counsel in the Pebble Creek and Sossaman cases, Defendants were fully apprised of the tenuous nature of their Motion prior to it being filed. Because the Motion to Compel is based upon the identical, and unanimously rejected, arguments that Defendants made in their prior cases, the Motion is without merit and must be denied.

The gravamen to Defendants' position is the incorrect notion that they are entitled to discovery, and rely upon facts beyond the scope of this litigation. More specifically, Defendants continue in their misguided attempt to rely upon the financial transaction between the FDIC and BB&T based upon a rejected interpretation of NRS 40.459(1)(c)—a statute that did not become effective until two years *after* BB&T acquired the loan.

In concluding that the modified provisions of NRS 40.459(1)(c) do not apply to pre-enactment assignments, the Court categorically denied the Defendants' assertions that they were entitled to rely upon NRS 40.459(1)(c) for discovery purposes. In what should be dispositive of Defendants' Motion, the Order in Pebble Creek expressly concludes that "any information or documentation related to the amount exchanged between the FDIC and Branch Banking thereunder is not relevant." Exhibit 1, at * 12. Accordingly, the Court should deny Defendants' Motion.

## II.  LEGAL ARGUMENT

### A.  The Amended Provisions of NRS 40.459(1)(c) Are Irrelevant to the Underlying Case.

On September 15, 2014, Judge Hicks issued two decisions, joining with other federal district court judges,[1] in concluding that AB273's amendments to NRS 40.459(1)(c) do not apply to pre-enactment assignments. Exhibit 1, at * 10; Exhibit 2, at * 9. In both cases, the court adopted the reasoning that:

> NRS section 40.459(1)(c) applies only where the assignment at issue occurred on or after the effective date of that statute. A contrary application would violate the Contract Clause. And the Court need not concoct any improbable interpretation of the statute to save it from constitutional infirmity. The Court's interpretation of the statute follows easily from the lack of any objectively retroactive language, the lack of any objective necessity for retroactive effect to carry out the statute's purposes, and the

---

[1] In addition to Judge Hicks' orders issued in Sossaman and Pebble Creek, retroactive application of NRS 40.459(1)(c) to pre-enactment assignments, as proposed by Defendants, has been specifically struck down in each of the following cases which have addressed the issue: *Eagle SPE NV I, Inc. v. Kiley Ranch Communities, et al*, 2014 WL 1199595, *19 (D. Nev. Mar. 24, 2014); *AmT CADC Venture, LLC v. The Tuscan Cliffs, LP et. al*, case no A-11-642270B (May 7, 2014); *BB&T v. Desert Canyon Phase II LLC*, 2014 WL 2468610 (D. Nev. June 2, 2014); *BB&T v. Jarrett*, 2014 WL 2573483, *9 (D. Nev. June 9, 2014); *BB&T v. Regena Homes, LLC et al.*, 2014 WL 3661109, *4 (D. Nev. July 23, 2014); *BB&T v. Pahrump 194, LLC, et al.*, 2014 WL 3845410, *4 (D. Nev. July 30, 2014); *BB&T v. Jones/Windmill, LLC, et al.*, 2014 WL 3845410, *2-3 (D. Nev. Aug. 5, 2014).

Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

clearly expressed subjective intent of the Nevada Legislature.

*Id.*

Thus the court concluded that because "NRS 40.459(1)(c) does not apply retroactively to this particular transaction, Defendants' arguments regarding the 'amount of consideration paid' and the sufficiency of the evidence in support thereof are moot and need not be resolved." *Id.* Judge Hicks also specifically addressed the defendants' arguments related to the Loss Sharing Agreement between Plaintiff and the FDIC and found, in part, as follows:

> Because there is no possibility of double recovery by Branch Banking, and because a contrary conclusion would leave Defendants with an unjustified windfall, the Court concludes that the Loss Sharing Agreement at issue is categorically different from the type of "insurance policy" contemplated in NRS 40.459(2), and thus does not serve to limit Branch Banking's recovery.

*Id.*

And finally, in the Pebble Creek Order, Judge Hicks confirmed that the magistrate's denial of the defendants' discovery requests, which are comprehensive of Defendants' arguments in the current Motion, was appropriate. Specifically, based upon the conclusion that "***any information or documentation related to the amount exchanged between the FDIC and Branch Banking thereunder is not relevant***" the court overruled the defendants' objection and motion to reconsider regarding "Magistrate Judge Nancy Koppe's denial of Defendants' discovery requests related to the amount exchanged between the FDIC and Branch Banking pursuant to the Loss Sharing Agreement." Exhibit 1, at *12 (emphasis added).

**B.    Defendants' Motion Must Be Denied Because Their Written Discovery Requests Are Premised Upon A Rejected and Irrelevant Legal Theory.**

Notwithstanding the broad scope of relevancy for discovery purposes, Defendants are still required to establish that the "evidence will be relevant to a proceeding" as a logical predicate to seeking discovery of such evidence. *See e.g., Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Defendants cannot meet this burden for a number of reasons. Each substantive ruling on the applicability of NRS 40.459(1)(c) has rejected its application or relevance to foreclosure actions in which the loan documents were assigned prior to the statute's enactment date. As set forth in full in Defendants' Motion, the discovery requests complained of each relate to BB&T's

1 financial transaction with the FDIC whereby BB&T acquired the subject loan documents in 2009.
2 For example, Defendants' written discovery requested, among other similar requests, the
3 following:

4 - Documents "relating consideration paid by You to the FDIC (or any other entity) for the Promissory Note."
5 - "documents that set forth or establish the amount exchanged in the transaction where BB&T acquired Colonial Bank's assets and liabilities from the FDIC."
6 - "State the amount of consideration paid to the FDIC by BB&T for the assignment of the rights related to and under the Loan Documents" . . .
7 - "State the amount exchanged in the transaction where BB&T acquired Colonial Bank's assets and liabilities from the FDIC" . . .
8

9 *See* Mot. at 5-13.

10 BB&T stated full and complete objections to each of the discovery requests identified in
11 Defendants' Motion. *Id.* Moreover, during the months since BB&T served its responses, a number
12 of opinions have issued confirming BB&T's position and rejecting Defendants' position. Indeed,
13 there is no genuine dispute regarding the unconstitutionality of the statute as applied to this case.
14 In addition to the fact that NRS 40.459(1)(c) did not become law until two years after BB&T
15 acquired the subject loan documents, each opinion issued on this matter has rejected Defendants'
16 proposed application. As succinctly stated by the Judge Jones and adopted by Judge Hicks, "NRS
17 section 40.459(1)(c) applies only where the assignment at issue occurred on or after the effective
18 date of that statute." Exhibit 1 at * 10; Exhibit 2 at * 9 (citing *Kiley Ranch*, 2014 WL 1199595, at
19 *19).

20 Most importantly, Judge Hicks' Pebble Creek opinion was issued not only in the context
21 of a dispositive motion, but also addressed whether such requests fell within the scope of
22 discovery. As set forth above, Judge Hicks denied the defendants' objection to Magistrate
23 Koppe's denial of their discovery requests because their "objection is premised on the erroneous
24 assumption that they are entitled to an offset on the deficiency for any payments the FDIC has
25 made to Branch Banking under the Loss Sharing Agreement." Exhibit 1, at * 12. At this juncture,
26 the discovery sought in Defendants' Motion is simply an exercise in futility and will only cause
27 the parties to needlessly waste time and incur unnecessary fees. Moreover, Defendants' argument
28 asserting that information related to NRS 40.459(1)(c) is within the scope of discoverable

information is without merit. Accordingly, the Court should deny Defendants' Motion as it is without merit.

### III.

### **CONCLUSION**

Based on the foregoing, BB&T respectfully requests the Court deny Defendants' Motion to Compel in its entirety.

DATED October 6, 2014.

*/s/ Brian G. Anderson*

Jeremy J. Nork, Esq.
Nicole E. Lovelock, Esq.
Brian G. Anderson, Esq.
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

Pursuant to FED. R. CIV. P. 5(b), I certify that on October 6, 2014, I served a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE TO MOTION TO COMPEL** on counsel through the Court's electronic service system as follows:

Randolph L. Howard, Esq.
E. Daniel Kidd, Esq.
Kolesar & Leatham
400 S. Rampart Blvd., Suite 400
Las Vegas, Nevada 89145
rhoward@klnevada.com
dkidd@klnevada.com

*Attorney for Defendants*

                                          */s/ Alexis Stajkowski*

                                          _____
                                          An Employee of Holland & Hart LLP

7145424_1

Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134