1    RANDOLPH L. HOWARD, ESQ.
     Nevada Bar No. 006688
2    Bart K. Larsen, Esq.
     Nevada Bar No. 008538
3    E. DANIEL KIDD, ESQ.
     Nevada Bar No. 010106
4    KOLESAR & LEATHAM
     400 South Rampart Boulevard, Suite 400
5    Las Vegas, Nevada  89145
     Telephone:  (702) 362-7800
6    Facsimile:  (702) 362-9472
     E-Mail:    rhoward@klnevada.com
7               blarsen@klnevada.com
                dkidd@klnevada.com
8
     Attorneys for Defendants
9

10

11

12              **UNITED STATES DISTRICT COURT**

13                    **DISTRICT OF NEVADA**

14                          * * *

15   BRANCH BANKING AND TRUST              CASE NO. 2:12-cv-01736-LRH-CWH
     COMPANY, a North Carolina banking
16   corporation,

17                    Plaintiff,

18         vs.                             **REPLY IN SUPPORT OF
                                           DEFENDANTS' MOTION TO
19   PEBBLE CREEK PLAZA PAD, LLC, a        COMPEL RESPONSES TO
     Nevada limited liability company, YOEL INY;   WRITTEN DISCOVERY**
20   NOAM SCHWARTZ; YOEL INY, Trustee of
     the Y&T INY FAMILY TRUST dated June 8,
21   1994; NOAM SCHWARTZ, Trustee of the
     NOAM SCHWARTZ TRUST dated August 19,
22   1999; D.M.S.I., L.L.C., a Nevada limited
     liability company; and DOES 1 through 10,
23   inclusive,

24                    Defendants.

25

26         Defendants, PEBBLE CREEK PLAZA PAD, LLC, a Nevada limited liability company,

27   YOEL INY; NOAM SCHWARTZ; YOEL INY, Trustee of the Y&T INY FAMILY TRUST

28   dated June 8, 1994; NOAM SCHWARTZ, Trustee of the NOAM SCHWARTZ TRUST dated

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

August 19, 1999; and D.M.S.I., L.L.C., a Nevada limited liability company (collectively "Defendants"), by and through their attorneys at the law firm of Kolesar & Leatham ("K&L"), hereby submit their Reply in support of the Motion to Compel Responses to Written Discovery [Doc. 55], filed on September 17, 2014.  This Reply is made and based upon the attached Memorandum of Points and Authorities and, the papers and pleadings on file herein, and any oral argument the Court may entertain in the premises.

DATED this 16th day of October, 2014.

KOLESAR & LEATHAM

By _____
RANDOLPH L. HOWARD, ESQ.
Nevada Bar No. 006688
Bart K. Larsen, Esq.
Nevada Bar No. 008538
E. DANIEL KIDD, ESQ.
Nevada Bar No. 010106
400 South Rampart Boulevard
Suite 400
Las Vegas, Nevada  89145

Attorneys for Defendants

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendants filed the Motion to Compel because Plaintiff BRANCH BANKING AND TRUST COMPANY ("Plaintiff" or "BB&T") has refused to fully respond to numerous discovery requests that relate to the acquisition of the subject loan and the consideration paid for the same.   This evidence is relevant in this case, as Plaintiff is seeking a deficiency judgment against the Defendants based on Nevada's deficiency legislation.  As part of Plaintiff's burden of proof, NRS 40.459(1)(c) requires that Plaintiff establish the amount of consideration paid for the loan.  For that reason, Defendants have sought discovery on this issue.

Specifically, NRS 40.459(1)(c) was amended by AB 273, which was signed into law as of June 10, 2011.   The Nevada Supreme Court has held that NRS 40.459(1)(c) does not apply to cases where the foreclosure sale occurred before June 10, 2011, because the Nevada legislature did not intend the statute to be retroactive. *See Sandpointe Apartments, LLC, et al. v. The Eighth*

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1  *Judicial District Court, et al.,* 129 Nev. Adv. Op. 87, 313 P.3d 849, 853–59 (2013).  It has been

2  subsequently concluded by a federal district court that NRS 40.459(1)(c) does not apply

3  retroactively to assignments of debt predating the effective date of the AB 273, as the statute's

4  application to such an assignment would violate the Contract Clause.  *See Eagle SPE NV 1, Inc.*

5  *v. Kiley Ranch Cmtys., et al.*, No. 3:12–cv–00245–RCJ–WGC, 2014 WL 1199595, at *3–19

6  (D.Nev. Mar.24, 2014).  The *Kiley* court further concluded that "NRS section 40.459(1)(c)

7  applies only where the assignment at issue occurred on or after the effective date of that statute."

8  *Id.*

9           The Honorable Miranda Du recently issued a decision on August 5, 2014 in a federal

10  district court action, captioned *Eagle SPE NV 1, Inc. v. Southern Highlands Development Corp.*

11  *Eagle SPE NV 1, Inc. v. Southern Highlands Development Corp*, 2014 WL 3845420, No. 2:12–

12  cv–00550–MMD–PAL., (D. Nev. Aug. 5, 2014) addressing AB 273.  Judge Du granted

13  Defendants' Motion to Dismiss in *Southern Highlands* because both the date of the foreclosure

14  and the date of the operative assignment at issue were subsequent to June 2011, the effective date

15  of NRS 40.459(1)(c).  Therefore, based on the recent holdings in other federal district court

16  actions related to AB 273, it can be concluded that when the assignment and the foreclosure take

17  place after the effective date of AB 273, then the provisions of NRS 40.459(1)(c) are applicable

18  to such a case.  However, there is no binding decision from the Nevada Supreme Court that

19  resolves the issue of whether the date of the assignment affects whether AB 273 is applicable to

20  a deficiency action.

21           Even though there is no law that prohibits the discovery on the consideration paid issue,

22  Plaintiff has elected to provide incomplete or evasive responses to the discovery requests at issue

23  in Defendants' Motion.  Plaintiff's response to the Motion does not address any of the discovery

24  requests individually. Instead, Plaintiff asserts that all the requests seek irrelevant evidence

25  because the alleged assignment of the loan pre-dates the effective date of the amendments of

26  NRS 40.459(1)(c).  Plaintiff's objection assumes facts that have not been established and it relies

27  non-binding legal authority that should not prevent discovery on a potentially dispositive issue in

28  this case.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

As set forth below, Plaintiff has failed to set forth adequate reasons to deny Defendants' Motion to Compel, and thus Defendants respectfully request that an order be entered requiring Plaintiff to provide full and complete responses to each of the discovery requests at issue in the Motion.

## II.   LEGAL ARGUMENT

### A.   The holding in *BB&T v. Sossaman* and *BB&T v. Pebble Creek* are not binding on this case, and should not prevent discovery regarding issues related to Plaintiff's deficiency action.

Plaintiff exclusively relies on the holdings from non-binding federal cases in arguing that the amended provisions of NRS 40.459(1)(c) are irrelevant. While these holdings may be looked upon by a court as persuasive authority in a dispositive motion, they do not bar Defendants from propounding discovery requests that may lead to the discovery of admissible evidence in this case. Plaintiff specifically cites to *Branch Banking & Trust Co. v. Pebble Creek Plaza, LLC*, 2:12-CV-01737-LRH, 2014 WL 4635744 (D. Nev. Sept. 15, 2014) and *Branch Banking & Trust Co. v. Sossaman & Guadalupe Plaza, LLC*, 2:12-CV-01775-LRH, 2014 WL 4636388 (D. Nev. Sept. 15, 2014). In both of these cases, the court relied on the holding in *Kiley* in order to support its finding that NRS 40.459(1)(c) was not applicable to the subject loans. However, these opinions are not final judgments and Plaintiff has not established that they are binding legal authority or have any issue preclusion effect on the case at bar.[1] Therefore, the issue of whether the assignment date of a loan determines the applicability of AB 273 is undecided for this case, and thus discovery on NRS 40.459(1)(c) related defenses must be permitted. If the discovery is not allowed, then there will be an incomplete record for the trial in this case (and any potential appeal by the parties).

In sum, the only binding legal authority before this Court is the *Sandpointe* decision which essentially supports the conclusion that AB 273 defenses may be available in deficiency actions where the foreclosure took place after the effective date of AB 273. In this case, it is undisputed that the foreclosure took place in 2012, and thus discovery on AB 273 defenses

---

[1]   Moreover, the defendants in those cases have filed motions to amend or alter the holding by the court pursuant to FRCP 59.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1   should be permitted.  As a result, an order compelling discovery responses is appropriate in this

2   matter.

3       **B.**   **If persuasive legal authority is considered, then Defendants' Motion should be granted as there is evidence in this case that the assignment took place after the effective date of AB 273.  The holding in *Southern Highlands* supports the conclusion that the consideration paid limitations would be applicable in this case.**

6       If this Court considers persuasive legal authority from other federal court cases, then

7   Defendants respectfully request that the holding in *Southern Highlands* be applied.  In that case,

8   Judge Du found that BB&T/Eagle's "reliance on *Kiley Ranch* is misplaced because [*Southern

9   Highlands'*] timeline demands a different conclusion and does not implicate the Contract Clause

10  in any way." 2014 WL 3845420, at *5.  The *Southern Highlands* court held that the foreclosure,

11  the assignment and the consideration paid at issue were subsequent to the AB273's effective date

12  of June 2011 and, therefore, there was no constitutional violations in applying NRS 40.459(1)(c)

13  consideration paid limitations.  The same is true in this action (or at minimum, the operative facts

14  are in dispute, and thus discovery should be allowed on the consideration paid issue).

15      First, as mentioned in the Complaint, the foreclosure took place on June 21, 2012, which

16  is after the effective date of AB 273.   Judge Du held "[b]ecause the foreclosure sale in this case

17  occurred after the statutory amendment became effective, applying Subsection (1)(c) would have

18  no retroactive effect. *See Sandpointe Apartments*, 313 P.3d at 851 (finding that the limitations in

19  Subsection (1)(c) apply to sales that occurred on or after the statute's effective date (June 10,

20  2011))."  2014 WL 3845420, at *4.  Judge Du's conclusion is in congruence with the Nevada

21  Supreme Court's application in *Sandpointe* decision.

22      Second, the assignment from the FDIC to BB&T occurred on September 28, 2011.  *See*

23  Assignment of Security Instruments, Notes and Other Loan Documents, attached as Exhibit 4 to

24  the Complaint [Doc. 1].  In *Southern Highlands*, Judge Du held, "Plaintiff's reliance on Kiley

25  Ranch is misplaced because this case's timeline demands a different conclusion and does not

26  implicate the Contract Clause in any way."  *Id.*  Further, Judge Du noted "[i]n *Kiley Ranch*, the

27  assignment in question from BB & T to Eagle occurred before the effective date of Subsection

28  (1)(c)…However, in dicta, Judge Jones aptly noted that "[t]he application of the statute to post-

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1 enactment assignments presumably does not suffer from the same infirmity." *Id.* (internally

2 citations omitted).   Judge Du then analyzed the timing of the particular assignment at issue in

3 *Southern Highlands*, the November 8, 2011 assignment:

> Turning to the assignment from BB&T to Eagle, the Contract Clause simply has no application because the assignment occurred after Subsection (1)(c) was enacted. Based on the allegations in the Complaint, at enactment, there was no agreement between Eagle and BB&T; therefore, as alleged, Eagle had no rights and responsibilities for the statute to impair. Accordingly, any application of Subsection (1)(c) to the assignment at issue would be prospective, not retroactive, and would not implicate the Contract Clause.

8 *Id.* at *6.     In other words, the timing of the assignment is at the heart of whether or not

9 Subsection (1)(c) applies.

10      While here there is no assignment from BB&T to a separate and distinct entity, there is

11 an assignment from the FDIC to BB&T regarding the Pebble Creek Loan that evidences, in a

12 notarized and recorded writing, an AB 273 **post-enactment** assignment. *See* Exhibit 4 to

13 Complaint.   On September 28, 2011 the FDIC executed an assignment to BB&T for the Pebble

14 Creek Plaza Pad Loan ("Specific Assignment"), which states in relevant part: :

> That the FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as Receiver for Colonial Bank ("Assignor") . . . for and inconsideration of the sum of TEN AND NO/100 DOLLARS ($10.00), and other good and valuable consideration received from or on behalf of Branch Banking And Trust Company, a North Carolina banking corporation, ("Assignee"), . . . does hereby grant, bargain, sell, assign, transfer and set over unto Assignee all of Assignor's rights, title and interests in and to those certain documents set forth on Exhibit A.
> …
>
> IN WITNESS WHEREOF, **this Assignment of Security Instruments is executed this the 28th day of September, 2011**, to be deemed effective as of the 14th day of August, 2009.

22 *See* Exhibit 4 to Complaint, at pgs 1-2 (emphasis added).   While the document purports to back-

23 date the assignment to August 14, 2009, the language in the Specific Assignment is written in the

24 present tense, a present action to assign the Pebble Creek Plaza Pad Loan at that point in time,

25 namely September 28, 2011.   As set forth above, the Assignor FDIC clearly states that it assigns

26 to the Assignee BB&T all of Assignor's rights, title and interests in the designated loan

27 documents [which included the Pebble Creek Plaza Pad Loan documents].

28      Under fundamental principles of Nevada contract law and interpretation, the Court should

1  rely on the specific contract, namely the Specific Assignment.  *See e.g. Shelton v. Shelton*, 119

2  Nev. 492, 497, 78 P.3d 507, 510 (Nev. 2003) (holding that contract interpretation requires "not

3  only the circumstances surrounding the contract's execution, but also subsequent acts and

4  declarations of the parties. Also, a specific provision will qualify the meaning of a general

5  provision."); *Ex parte Smith*, 111 P. 930, 935 (Nev. 1910) ("specific provisions relating to a

6  particular subject, they will govern in respect to that subject as against general provisions

7  contained in the same acts"); *see also* 11 WILLISTON ON CONTRACTS § 32:10 (4th ed.) ("Even

8  absent a true conflict, specific words will limit the meaning of general words if it appears from

9  the whole agreement that the parties' purpose was directed solely toward the matter to which the

10 specific words or clause relate.").

11        Here, the only specific assignment is the one dated September 28, 2011.  Therefore, there

12 is evidence that AB 273 should be applied to this case, as the Specific Assignment occurred after

13 the effective date of the statute.  Consequently, the discovery requests at issue in the Motion are

14 relevant, and this Court should order that Plaintiff provide full and complete responses to the

15 same.

16 **III.    CONCLUSION**

17        In sum, Defendants have diligently propounded discovery on relevant factual issues in

18 this action, but Plaintiff has failed to provide complete and adequate responses.  Defendants

19 respectfully request that this Court enter an order compelling Plaintiff to provide full responses

20 to the written discovery at issue in the Motion to Compel.

21        DATED this 16th day of October, 2014.

22                                         KOLESAR & LEATHAM

23                                   By _____
                                          RANDOLPH L. HOWARD, ESQ.
24                                        Nevada Bar No. 006688
                                          Bart K. Larsen, Esq.
25                                        Nevada Bar No. 008538
                                          E. DANIEL KIDD, ESQ.
26                                        Nevada Bar No. 010106
                                          400 South Rampart Boulevard, Suite 400
27                                        Las Vegas, Nevada  89145
                                          Attorneys for Defendants

28

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Kolesar & Leatham and that on the 16th day of October, 2014, I caused to be served a true and correct copy of foregoing **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL RESPONSES TO WRITTEN DISCOVERY** in the following manner:

(ELECTRONIC SERVICE) Pursuant to Rule 5(D) of the Nevada Rules of Civil Procedure, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

_____
An Employee of KOLESAR & LEATHAM

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472