**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| BRANCH BANKING AND TRUST CO., | ) | Case No. 2:12-cv-01736-LRH-CWH |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| PEBBLE CREEK PLAZA PAD, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**INTRODUCTION**

Before the Court is Defendants' motion to compel discovery (doc. # 55), filed September 17, 2014, Plaintiff's response (doc. # 56), filed October 6, 2014, and Defendants' reply (doc. # 57), filed October 16, 2014.  A hearing on the motion was held on November 5, 2014.  See Doc. # 64.

**BACKGROUND**

In 2011, Plaintiff initiated a judicial foreclosure action in Arizona for property located in Maricopa County, Arizona.  See Doc. # 1.  Plaintiff failed to secure a deficiency judgment for the amount owed on the debt following the June 21, 2012 foreclosure sale.  Id.  The judicial foreclosure action in Arizona has since concluded.  Id.  Plaintiff now seeks to acquire a deficiency judgment against Defendants in the instant lawsuit.  Id.

**DISCUSSION**

**1.     Retroactive Application of NRS 40.459(1)**

Defendants move the Court to compel Plaintiff to produce purportedly "relevant" information, such as financial schedules and related documents showing the total amount of loans on the property,

the amount of money Plaintiff paid the FDIC for the subject loans, and any discounts or adjustments to the alleged book value of the loans. Defendants explain that Nevada's deficiency legislation, NRS 40.459(1), as recently amended by AB 273, sets a "limitation" on the amount recovered in a deficiency action when there is a transfer of the right to obtain a deficiency judgment, as the case is here. Because the limitation is the consideration paid on a loan, Defendants contend they are entitled to the discovery sought, as it relates to the consideration paid for the subject loans in the instant case.

Plaintiff, in opposition, argues that Defendants' assertions are meritless. According to Plaintiff, courts have concluded that retroactive application of NRS 40.459(1)(c) violates the Contract Clause of the U.S. Constitution because it reduces the amount an assignee could recover on debts already purchased, thereby necessitating that the statute apply only to cases in which loan assignments occur on or after the statute's enactment date of June 10, 2011. See Doc. # 56 at 3 (citing Eagle SPE NV I, Inc. v. Kiley Ranch Communities, No. 3: 12-CV-00245-RCJ, 2014 WL 1199595 (D. Nev. Mar. 24, 2014)). Plaintiff also points out that other courts have relied on Kiley and arrived at the same conclusion. Id. (citing, among others, Branch Banking & Trust Co. v. Pebble Creek Plaza, LLC, No. 2: 12-CV-01737-LRH, 2014 WL 4635744 (D. Nev. Sep. 15, 2014) and Branch Banking & Trust Co. v. Sossaman & Guadalupe Plaza, LLC, No. 2: 12-CV-01775-LRH, 2014 WL 4636388 (D. Nev. Sep. 15, 2014)). Further, Plaintiff points out that, in Pebble Creek, the court found that defendant was not entitled to discover information relating to the amount exchanged between the FDIC and Plaintiff, as such information is "irrelevant." Id. at 4. Because Plaintiff acquired the subject loans in 2009, Plaintiff concludes that the statute is inapplicable in this case, and Defendants are not entitled to the irrelevant information they seek.

In reply, Defendants restate their earlier assertions. Defendants also contend that Plaintiff erroneously relies on Pebble Creek and Sossaman, which are not binding on this Court, as they are not yet "final judgments," and Plaintiff fails to establish that they are binding or have any issue preclusion effect in the instant case. Defendants add that these cases' reliance on Kiley is misplaced, as Kiley fails, among others, to "implicate the Contract Clause." See Doc. # 57 at 5 (citing Eagle SPE NV 1, Inc. v. S. Highlands Dev. Corp., No. 2: 12-CV-00550-MMD, 2014 WL 3845420 (D. Nev. Aug. 5, 2014)). According to Defendants, moreover, the "only" binding authority before this Court is

Sandpointe Apts. v. Eighth Jud. Dist. Ct., 313 P.3d 849 (Nev. 2013), in which the Nevada Supreme Court held that NRS 40.459(1)(c) does not apply to cases where the foreclosure sale occurred before June 10, 2011. Because foreclosure in this case occurred in 2012, Defendants contend they are entitled to the discovery sought. Defendants further contend that if this Court looks to persuasive authority, it should consider and apply the holding in Highlands. Defendants explain that, in Highlands, the district court found that NRS 40.459(1)(c) does not violate the Contract Clause, and is applied prospectively when the foreclosure and loan assignment dates are subsequent to the statute's effective date of June 10, 2011. In employing the Highlands test, Defendants admit that, unlike in Highlands in which Plaintiff assigned the loans to Eagle, Plaintiff here never assigned the loans to another entity. Nevertheless, per Defendants, the FDIC in this case assigned the loans to Plaintiff on September 28, 2011, and that date, along with the foreclosure date of June 21, 2012, satisfies the Highlands test. Defendants add, however, that while the assignment document appears to backdate the assignment to August 14, 2009, the language in the "specific assignment" is written in the "present tense," thereby indicating that the loans were intended to be assigned at that point in time, namely September 28, 2011. Doc. # 57 at 6 (citing Doc. # 1-4 at 2-3, entitled "Assignment of Security Instruments, Notes and Other Loan Documents"). Given such, Defendants conclude they are entitled to the discovery sought.

At the hearing, Plaintiff argues that Defendants are aware the loan assignment occurred in 2009, as evidenced by page 2 of Defendants' own motion to compel, which states that the FDIC and Plaintiff "entered into a Purchase and Assumption Agreement... wherein [Plaintiff] purchased the loan, among other assets, and [Plaintiff] now seeks a deficient judgment against borrowers and guarantors." See Doc. # 55 at 2. Plaintiff also argues that the Purchase and Assumption Agreement ("PAA") makes clear the FDIC conferred its right in the loan documents to Plaintiff in 2009, as expressed by the terms of the PAA in paragraph 3.1, which provides in relevant part:

> With the exception of certain assets expressly excluded in Sections 3.5 and 3.6. the Assuming Bank hereby purchases from the Receiver, and the Receiver hereby sells, assigns, transfers, conveys, and delivers to the Assuming Bank, all rights, titles, and interests of the Receiver in and to all of the assets (real, personal and mixed, wherever located and however acquired)...

Doc. # 55-2 at 16. Plaintiff next argues that although the PAA is publicly available and has been

3

judicially noticed by various courts, Defendants continue to rely on a document recorded for public notice purposes to falsely establish that the loan assignment occurred in 2011. Indeed, Plaintiff points out that this notice contains language belying Defendants' assertion, as it clearly states, "this Assignment of Security Instruments is executed this the 28th day of September, 2011, to be deemed effective as of the 14th day of August, 2009," thereby establishing that the notice was entered in 2011 but that the assignment occurred in 2009. Plaintiff then points out that such "backdating" of lease amendments is recognized in Nevada, as seen in Flangas v. State, 104 Nev. 379 (Nev. 1988). Moreover, Plaintiff points out that Defendants were aware of the 2009 loan assignment, as they "acknowledged" such in a signed letter in 2010,[1] and were negotiating with Plaintiff regarding the loans at issue from 2009 to 2011. Plaintiff further points out that Defendants not only cite to factually distinguishable cases, but fail to recognize that the court in Branch Banking & Trust Co. v. Smoke Ranch Dev., LLC, No. 2:12-CV-00453-APG-NJK, 2014 WL 4796939, at *6 (D. Nev. Sep. 26, 2014) already found that the FDIC assigned the loans to Plaintiff in 2009. As such, Plaintiff asks the Court to deny Defendants' motion.

Also at the hearing, Defendants contend that a PAA, "standing alone," is insufficient to establish a loan assignment, as held in R&S St. Rose Lenders, LLC v. Branch Banking & Trust Co., No. 56640, 2013 WL 3357064 (Nev. May 31, 2013) cert. denied, 135 S. Ct. 85 (2014). However, Defendants admit the court in St. Rose, in finding that a loan transfer did not occur, failed to review certain documents as a result of the imposition of discovery sanctions. Defendants also contend Plaintiff's reliance on Smoke Ranch is misplaced because although the court found Plaintiff in possession of the notes, the court also found that documents on the record failed to establish Plaintiff was "holder" of the notes and, instead, resolved the issue by "inferring the intent" of the parties to transfer the loan documents, which is a question of fact best left to a jury. Additionally, Defendants contend the Nevada Supreme Court has not yet weighed in on the issues raised here, while the federal district courts remain divided. Because the issues are currently on appeal before the Nevada Supreme Court and Ninth Circuit, Defendants ask the Court to compel Plaintiff to produce the requested

---

[1] This Court notes that Plaintiff incorrectly stated during the hearing that exhibit 6 to Plaintiff's complaint is the relevant exhibit when it is actually exhibit 5. See Doc. # 1-5 at 5-9.

1   discovery because the appellate courts "may" rule in favor of Defendants in the future.

2          As an initial matter, the Court agrees with Plaintiff and finds that ample evidence exists

3   showing the loan assignment occurred in 2009. As Plaintiff rightly points out, it was engaged in

4   negotiations with Defendants following the loan assignment in 2009, as demonstrated by Defendants'

5   "acknowledgment" in a signed 2010 letter that Plaintiff, "**as successor to Colonial Bank** (the

6   "Lender"), has held discussions with... [Defendants, among others] regarding possible restructuring

7   of various loans described in the attached summary..." Doc. # 1-5 at 5-16 (emphasis added).

8   Paragraph 3.1 of the PAA also establishes that the FDIC assigned its right in the loan documents to

9   Plaintiff in 2009, stating that the FDIC "**sells, assigns, transfers, conveys, and delivers**... all rights,

10  titles, and interests... to all of the assets" to Plaintiff. See Doc. # 55-2 at 16 (emphasis added).

11  Moreover, the Court notes that the August 2009 transaction appears consistently throughout record,

12  further indicating that this is the transfer date. While Defendants assert that another document other

13  than the PAA establishes that the loan assignment did not occur in 2009, but 2011, this Court is not

14  persuaded because a review of that document reveals language <u>executing</u> the document in question

15  on September 28, 2011, but specifically <u>assigning</u> the notes to Plaintiff on August 14, 2009, the date

16  the FDIC took control of Colonial Bank. See Doc. # 1-4 at 3 ("this Assignment of Security

17  Instruments is executed this the 28th day of September, 2011, to be **deemed effective as of the 14th**

18  **day of August, 2009**") (emphasis added). Indeed, the court in <u>Smoke Ranch</u> found this plain

19  language reflected the "parties' intent" to transfer the notes in 2009 rather than another date, and

20  absent fraudulent intent, such"backdating" is recognized in the state of Nevada. See <u>Smoke Ranch</u>,

21  2014 WL 4796939, at *6; <u>Flangas</u>, 104 Nev. at 379 (Nev. 1988).

22          Nevertheless, this Court finds that it is unclear <u>which</u> loans were actually assigned to Plaintiff

23  under the PAA, especially since Paragraph 3.1 of the PAA provides that "**[w]ith the exception of**

24  **certain assets expressly excluded in Sections 3.5 and 3.6**, the Assuming Bank purchases from the

25  Receiver..." Doc. # 55-2 at 16 (emphasis added). The court in <u>St. Rose</u> also considered a similar

26  question and found that submission of the PAA as evidence, without the schedule of assets, was

27  insufficient for Plaintiff to carry its evidentiary burden to prove transfer and ownership of the loan at

28  issue. See <u>St. Rose</u>, 2013 WL 3357064, at *3. This Court finds the reasoning in <u>St. Rose</u> persuasive

and, as such, directs Plaintiff to submit the complete schedule of assets to this Court for <u>in camera</u> review, so it can determine whether the notes at issue were actually assigned to Plaintiff in 2009. Accordingly, the Court denies Defendants' motion to compel at this juncture, but will revisit the question following review of the schedule of assets submitted by Plaintiff. The Court will issue a written ruling at that time.

**2.      Interrogatories**

Defendants also contend that Plaintiff has refused to respond to Defendants' interrogatories, claiming Defendants are "similarly situated" and therefore entitled only to 25 total interrogatories, not 25 interrogatories per defendant. Because Plaintiff turns only to a practice manual for support and not case law from this circuit or district, Defendants contend that Plaintiff's assertion, without more, fails. Plaintiff does not respond to Defendants' assertion.

This Court agrees with Defendants and finds that each Defendant is entitled to ask Plaintiff 25 interrogatories, as set forth in Federal Rule of Civil Procedure 33(a), which allows "a party... [to] "serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a).

## CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that Defendants' motion to compel discovery (doc. # 55) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that Plaintiff shall submit the complete schedule of assets directly to this Court's chambers for <u>in camera</u> review **no later than April 10, 2015**. Plaintiff may submit other related documents, including a report summarizing the information presented, to assist the Court in identifying whether the subject loans were assigned. Plaintiff shall submit this information in a binder, complete with tabs and a table of contents.

**IT IS FURTHER ORDERED** that following review of this information, the Court will issue a written ruling in due course.

DATED: March 31, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**