**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BRANCH BANKING AND TRUST CO., ) | |
| Plaintiff, ) | Case No. 2:12-cv-01736-LRH-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| PEBBLE CREEK PLAZA PAD, LLC, *et al.*, ) | |
| Defendants. ) | |

The parties and the Court are familiar with the factual and procedural background of this case. The Court will therefore only discuss those events relevant to this Court's reconsideration of Defendants' motion to compel discovery (doc. # 55), filed September 17, 2014.

In its order dated March 31, 2015, this Court denied Defendants' motion to compel discovery because it found ample evidence showing the loan assignment at issue occurred in 2009, not 2011 as Defendants assert. See Doc. # 86. Nevertheless, the Court also found that it was unclear which loans were actually assigned to Plaintiff under the Purchase and Assumption Agreement ("PAA"). Id. As such, Plaintiff was directed to submit the complete schedule of assets to this Court, along with other relevant materials, for in camera review, so the Court could determine whether the notes at issue were actually assigned to Plaintiff in 2009. Id.

On April 10, 2015, Plaintiff submitted its response to this Court's order, claiming it refrained from attaching the complete schedule of assets to its response because that document is over two hundred pages long. Following a review of Plaintiff's submission, the Court found that the sole redacted page submitted, purportedly from the schedule of assets, was sorely inadequate for this

Court's purposes, rendering the Court unable to determine whether the subject loan was actually assigned to Plaintiff in 2009. See Doc. # 88. The Court provided Plaintiff another opportunity to follow the Court's instructions and submit what was previously ordered by this Court. Id.

On April 15, 2015, Plaintiff submitted an amended response, attaching various documents, including a complete and unredacted version of the schedule of assets. The Court now determines whether the submitted information demonstrates that the notes at issue were actually assigned to Plaintiff in 2009.

Upon review of Plaintiff's amended response, the Court finds sufficient evidence demonstrating that the subject loan, formerly Colonial Bank loan # 80372301500001, was assigned to Plaintiff in 2009. The Court therefore reaffirms its previous denial of Defendants' motion to compel.

Accordingly, **IT IS HEREBY ORDERED** that the Court **reaffirms its previous denial** of Defendants' motion to compel discovery (doc. # 55).

DATED: April 16, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**